Mbncure P.
delivered the opinion of the court.
The Code, chapter 188, sections 1, 2 and 3, is as follows:
“17 Tf‘any ‘person,' in the night, maliciously burn the dwelling house of another, or any jail or prison, or maliciously set fire to anything, by the burning whereof such dwelling house, jail or prison, shall be burnt in the night, he shall be punished with death; but if the jury find that, at the time of committing the offence, there was no person in the dwelling house, jail or prison, the offender shall be confined in the penitentiary not less than five, nor more than fen years.
u2. If any person in the day time, maliciously burn the dwelling house of another, or :apy jail or prison, or maliciously set firé to any building, or other thing, by the burning whereof such dwelling house, jail or:.ptison,-. shall-;be -; burnt, he shall be confined in the penitentiary not less than three years, nor more than ten years.
“3. JSTo outhouse, not adjoining a dwelling house, nor under the same roof (although within the curtilage thereof), shall be j,” deemed parcel of such dwelling house *'within the meaning of this chapter, ' ‘ ■ unless some person usually lodge therein at night.”
'The indictment against the prisoner in this case contains three counts. The first and second are upon the first of the three foregoing-sections. The first count charges the dwelling house as, “of one Francis G. Ruffin.” The second charges it as, “of Philip Hpps, Wilson Cary, George Preston, William Carrington and Carter Booker.” The third count is' upon the third of the said three sections, and charges “that the said Hillary Page of the said county, to-wit: on the day and year aforesaid, about the hour of two o’clock in the night of that day, in the county aforesaid, a certain other house called a barn and stable, of one F. G. Ruffin, there situated, the same being an outhouse not adjoining the dwelling house, nor under the game roof, but some persons usually lodging therein at night, to-wit: Phiíip lOpps, Wilson Cary, George Preston, William Carrington and Carter Booker, feloniously and maliciously, did burn, against the peace and dignity of the commonwealth of Virginia.”
The prisoner demurred generally, and pleaded not guilty to the indictment. His demurrer was overruled; and being tried upon the plea of “not guilty,” the jury found a verdict thereon, “that the said Hillary Page is guilty, as charged in the third count of the indictment. ” Thereupon the prisoner moved the court to set aside the verdict and grant him a new trial, because the same was contrary to law and evidence; which motion the court overruled. And judgment was pronounced, that he be hanged by the neck until he tie dead. To that judgment, on the petition of the prisoner, a writ of error was allowed by this court.
The prisoner, in his assignment of errors set forth *in his petition for a writ of error, and his counsel, in argument before this court, insist, that the finding by the jury of a verdict of “guilty, as charged in the third count of the indictment,” is, in effect, a finding of not guilty, as charged in the first and second counts of the indictment, on which two counts he is therefore entitled to a judgment of acquittal; and that it not being averred in the third count of the indictment that the “certain other house called a barn and stable” therein mentioned, was a dwelling house, or within the curtilage and part and parcel of a dwelling house, he is not therein charged with any offence which is punishable with death; but at most only with an offence under the fifth section of the same chapter, which concerns the burning of “any barn, stable,” &c., and which makes the offences therein mentioned punishable by confinement in the penitentiary according to the valué of the thing burnt with the property therein, as mentioned in the said fifth section.
The attorney-general admits that he cannot gainsay these views of the orisoner and his counsel; and we think they are correct. The Commonwealth v. Bennet, 2 Va. Cas. 235; Kirk’s case, 9 Leigh 627; and Page’s case, Id. 683, are express authorities for the position, that where a verdict finds a prisoner guilty upon some of the counts in an indictment, saying nothing of others, judgment of acquittal should be entered upon those counts of which the verdict takes no notice, and this disposes of all question in regard to the first and second counts. And now in regard to the third count, and the conviction under it.
That count, we think, was based upon a misconception of the object of the third section of ch. 188 of the Code; and seems to have been intended to charge an offence which was supposed by the pleader to have *been created by that section— whereas that section, in itself, creates no offence. It declares nothing necessary to be noticed in pleading either in the indictment or elsewhere. It is a mere incident to the two next preceding, (the first and second) sections of the chapter; and a mere limitation of the meaning of the word “dwelling house,” therein mentioned. It merelly relates to matter of evidence, which may materially affect the verdict of the jury, upon the question of guilty or not guilty, but need not be expressly noticed therein. An outhouse, adjoining a dwelling house, or under the same roof, or within the curtilage thereof and occupied therewith, was considered, at common law, as part and parcel of the dwelling house, *309 within the meaning of the law concerning arson and burglary. But the legislature, in the enactment of chapter 188 of the Code, thought fit to modify the law on this subject, and to declare that “no outhouse, not adjoining a dwelling house, nor under the same roof (although within the curtilage thereof), shall be deemed parcel of such dwelling house, within the meaning of this chapter, unless some person usually lodge therein at night.” Now it is evident that to constitute the offence for which the prisoner has been sentenced, the house mentioned in the third count of the indictment either must be in itself a dwelling house, or must' be parcel of a dwelling house, by being adjacent thereto, or under the same roof therewith, or within the curtilage thereof and occupied therewith. And though within the curtilage thereof, vet if it be not adjoining a dwelling house, nor under the same roof, it is not to be deemed parcel thereof, “unless some person usuallv lodge therein at night.” To make an outhouse, not adjoining a dwelling house, nor under the same roof therewith, parcel thereof, *within the meaning of this law, two things must appear: 1st, that such outhouse is within the curtilage of the dwelling house and occupied therewith; and 2ndly, that some person usually lodges therein at night. Now it is a fatal defect in the third count of the indictment, considering it as a charge of an offence punishable with death, that it neither avers the outhouse therein mentioned to be a dwelling house, nor within the curtilage of a dwelling house and occupied therewith.
But if in fact, the outhouse mentioned in the third count of the indictment, which belonged to Francis G. Ruffin, and was usually lodged in at night by Philip Epps, Wilson Cary, George Preston, William Carrington and Carter Booker, was a dwelling house, or parcel of a dwelling house, in the meaning of the law in question, it was the dwelling house, either of the said Ruffin, or of the said Epps, Cary, Preston, Carrington and Booker, as charged in the first and second. counts respectively; and there might have been a conviction of the offence under one or the other of these two counts, according as the said outhouse might in law, be considered as the dwelling house or parcel thereof, of one or the other of these parties.
The only offences of felonious house burning which are punishable with death are included in section one of chapter 188; and every indictment for such an offence, ought to describe it, at least substantially, as it is described in that section; the well settled, general rule of law being, that a statutory offence must be described in the indictment, as it is described in the statute. A “dwelling house,” in the meaning of the section, embraces all its parcels; including such an outhouse as is parcel thereof. The burning of such an outhouse, is the burning of a dwelling house *in the meaning of this law, and may be so described in the indictment; and proof of the burning of the outhouse, will as much sustain the indictment as would proof of the burning of the principal part of the dwelling house, or the whole of it, including all its parcels.
As, however, the prisoner has been acquitted under the first and second counts; and as the third count is an insufficient count for the offence for which he has been sentenced; it follows that the judgment must be reversed and annulled.
And now the question arises, what judgment must be entered in the case. Though the count under which the prisoner has been convicted, does not sufficiently charge the offence for which he has been sentenced ; yet, if it sufficiently charges some other offence, he may be lawfully convicted of that offence, and therefore the case may be remanded for a new trial to be had on the said count for that offence.
The fifth section of the same chapter declares, that ‘ ‘if any person maliciously burn any pile or parcel of wood, boards or other lumber, or any barn, stable, corn house, tobacco house, stack of wheat or other grain, or of fodder, straw or hay, he shall, if the thing burnt, with the property therein, be of the value of one hundred dollars, be confined in the penitentiary not less than three nor more than ten years; and if it be of less value, he shall be so confined, not less than one nor more than five years.”
The third count charges the felonious and malicious burning of a barn and stable of F. G. Ruffin; and both barn and stable being among the things enumerated in the fifth section, the third count seems to charge sufficiently one of the offences created by the fifth section. The words in the count; “the same being *an outhouse not adjoining the dwelling house, nor under the same roof, but some persons usually lodging therein at night, to wit: Philip Epps, Wilson Cary, George Preston, William Carrington and Carter Booker;” may be rejected as surplusage. Utile. per inutile non vitiatur. There seems to be no necessity for any averment in the count as’ to the value of the thing burnt with the property therein, to bring the case within the fifth section, which covers every case of burning any of the enumerated subjects, without regard to the value thereof; that being material only as matter of evidence, affecting the measure of confinement in the penitentiary. The grade of the offence is the same, without regard to the valite of the subject. The better mode perhaps would be to aver such value in the indictment; but it will be sufficient if the jury in their verdict find the value, and then ascertain the term of confinement accordingly.
Therefore the judgment must be reversed, a judgment of acquittal entered on the first and second counts, the verdict against -the prisoner on the third count set aside,- and the cattse remanded, for a new trial ■ to be had on that count under the fifth section aforesaid. Though it will of course be competent for the court below, if deemed best to do so, to have a nolle prosequi entered as to the said third count, and to proceed to the trial of the prisoner on one or more of *310 the other indictments for felony which appear to have been found against him, in the same court and at the same time with the indictment which has been tried as aforesaid, or any other which may have been or may be found against him for felony in the same court.
The judgment was as follows:
*It seems to the court, for reasons stated in writing and filed with the record, that the said judgment is erroneous: Therefore it is considered that the same be reversed and annulled. And this court proceeding to enter such judgment as the said Circuit court ought to have entered, it is further considered, that the plaintiff in error be acquitted of the charges contained in the first and second counts of the indictment. And it is ordered that the verdict of the jury'against him on the third count be set aside, and the cause remanded to the said circuit court for a new trial to be had therein on the said third count, for the offence'of feloniously and maliciously burning a barn and stable as therein charged, and as. described in the fifth section of chapter one hundred and eighty-eight of the Code. But it will be competent for the court below, if deemed best to do so, to have a nolle-prosequi entered as to the said third count;..and to proceed to the trial of the plaintiff in error in one or more of the other indictments for felony which appear to have been found against him in the same court and at; the same time with the indictment on which’ he has been tried in this cause, or any-other indictment which may have been or may be found against him for felony in the same court.
_ Which is ordered to be certified to the said circuit court for Chesterfield county.
Judgment reversed.