## Richmond.

RICHARDS V. COMMONWEALTH.

FRY V. SAME.

FAUVER V. SAME.

NOVEMBER 19th, 1885.

1. CRIMINAL PROCEEDINGS.— *Arson— Indictment.* — Criminal Code, chapter 3, section 5 (Acts 1877-8, p. 287; amended Acts 1881-2, p. 401), provides punishment for burning "any building, the burning whereof is not punishable under any other section" of said chapter. Indictment under said section must describe the building with such particularity as will inform accused what building is meant.

2. IDEM—*Motion to quash indictment.*—This motion, being merely *ex gratia*, should be made at an early stage; and if delayed till after plea of not guilty, its reception or rejection is within the trial-court's discretion.

3. IDEM—*General verdict—Bad count.*—When of two counts, the second is bad, but jury finds general verdict of guilty, and fixes a punishment that could not be fixed under the first, the verdict must be set aside and a new trial awarded. Accused is entitled to acquittal under the first count, as the verdict must have been under the second. *Stuart's Case*, 28 Gratt. 950.

4. IDEM—*Jurors— Mode of selection — Venire facias.* — In case where death may be the punishment, writ shall require to be summoned twenty-four persons of the county or corporation, to be taken from a list to be furnished by the judge, residing remote from the place where the offence is charged to have been committed, and qualified in other respects to serve as jurors. From these shall be selected a panel of sixteen, free from exception, and from this panel the accused may strike four, and the remaining twelve shall constitute the jury. Omission to comply with these provisions is fatal error. *Hall's Case*, 80 Va. 555.

Error to judgment of circuit court of Shenandoah county, refusing a writ of error and *supersedeas* to a judgment of the county court of said county, rendered August 11th, 1884, sentencing the plaintiffs in error, John C. Richards, B. F. Fry and A. B. Fauver, to confinement in the penitentiary for the period of seven years, in accordance with the verdict of the jury at the trial of an indictment against them for arson. The first count of the indictment charged them with feloniously and maliciously burning, in the night time, the dwelling-house of William Windle. The second count charged them with so burning in the night time "a certain other building, then and there of just value, to-wit," &c. Defendants, after pleading not guilty, moved to quash the indictment; which motion the court overruled. The other points raised, and motions made, the opinion states.

*James H. Williams,* for the plaintiffs in error.

*Attorney-General F. S. Blair* and *H. C. Allen,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

The case is as follows: The plaintiffs in error were indicted in the county court of Shenandoah county, at the August term of said court, 1884, for burning a dwelling-house on the 18th day of October, 1881, in the night time, and for burning a certain other house, not described or designated, in the night time.

Upon their arraignment the accused severally pleaded not guilty. The accused then moved the court to quash the indictment, and entered a demurrer to the indictment, and to each count thereof, which were received by the court, although

made after the plea of not guilty, time being taken to consider of them until the following day, and a *venire* of twenty-four persons ordered to be summoned to try the case.

On the following day the court overruled the motion to quash the indictment, and overruled the demurrer, and the accused excepted.

Of the *venire* summoned to try the case, twenty-four were obtained free from exception, and sixteen persons selected therefrom for the trial of the case by lot.

The accused challenged the array and moved the court to quash the panel of sixteen jurors; which motion the court overruled, and the accused excepted; whereupon four were stricken off by the accused and the remaining twelve sworn as the jury to try the case.

The jury was then charged by the clerk that the law ruling the case, if they found the accused guilty, was the first section of chapter three of the new Criminal Code, and section five of the act of April 21st, 1882, the said sections being read in full by the clerk; to which the accused excepted.

The jury, having heard the case, found a joint verdict of guilty, and fixed the imprisonment of the accused in the penitentiary at seven years; and the accused moved the court to set aside the verdict and grant them a new trial, and moved in arrest of judgment; both of which motions the court overruled, and the accused again excepted. And judgment was entered by the court severally sentencing the accused to seven years imprisonment.

Whereupon the accused applied for a writ of error to the circuit court, which, being refused, was allowed by one of the judges of this court.

The first section of chapter three of the Criminal Code (Acts 1877–8, p. 286), provides as follows: "Section 1. If any person, in the night time, maliciously burn the dwelling-house

of another, or any boat or vessel or river-craft, in which persons usually dwell or lodge, or any jail or prison, or maliciously set fire to any thing by the burning whereof such dwelling-house, boat, vessel or river-craft, jail or prison, shall be burnt in the night, he shall be punished with death; but if the jury find that at the time of committing the offence there was no person in the dwelling-house, boat, vessel or river-craft, jail or prison, the offender shall be confined in the penitentiary not less than five nor more than ten years."

Section five provides: "If a person maliciously burn any building, the burning whereof is not punishable under any other section of this chapter, he shall, if the building, with property therein, be of the value of one hundred dollars or more, be confined in the penitentiary not less than three nor more than ten years."

The indictment in this case contains two counts—the first under the first section just cited, and the second count drawn under the fifth section cited above—and the clerk, under the direction of the court, so charged the jury at the trial.

The first count is admitted to be unexceptionable. The motion to quash and the demurrer were addressed to the said second count, which is as follows: "And the jurors aforesaid, on their oaths aforesaid, do further present, that the said John C. Richards, Benjamin F. Fry, and Addison Buchanan Fauver, on a certain day, to-wit: on the 18th day of October, in the year 1881, in the night time of that day, in the county aforesaid, *a certain other building then and there of great value, to-wit: of the value of one thousand dollars*, being the property of," &c.

This second count is defective for uncertainty, and charges no offence under our statute. The punishment prescribed by that section is provided for the burning of other buildings not mentioned or provided for in any of the other sections of the statute; and the said section does not apply to any building

enumerated in any of the other sections; and, again, if it did, the accused are entitled to be informed what certain other building they are accused of burning in the night time, of the value of one thousand dollars.

This is not denied; but it is insisted, on the part of the Commonwealth, that the motion to quash and the demurrer came too late, having been made after the plea of not guilty.

A motion to quash the indictment ought to be made at an early stage of the cause. There are cases and *dicta* which seem to go fully to the point that this motion cannot be made after issue joined on the plea of not guilty, or, perhaps, after the plea itself is entered. 1 Starkie Crim. Pl., 2d ed., 299; *The State* v. *Bullingham*, 15 Maine, 104; *Nichols* v. *The State*, 2 Southard, 539. And it is not a motion which will ordinarily be entertained while the case is on trial.

In the case of *Nichols* v. *The State*, 2d Southard, *supra*, it was laid down that to make way for a motion to quash, the court will always permit the plea of not guilty to be withdrawn.

The true rule appears to be, says Mr. Bishop, that there is no need for this plea to be withdrawn, it being in the discretion of the court to hear this motion while the plea remains on the record.

In the case of the *Commonwealth* v. *Chapman*, 11 Cush. 422, after the defendant had pleaded not guilty, and when the case was about to be tried, but before the jury were impaneled, the court refused to allow him to withdraw his plea of not guilty, for the purpose of demurring to the indictment, yet consented to hear the objection on a motion to quash, which was done without any withdrawal of the plea. And various other cases confirmed the general proposition that the existence on the record of defendants' plea of not guilty is no absolute bar to the defendants' motion to quash. And it seems that the court may, in its discretion, quash an indictment at any time before the jury are charged with the case.

The doctrine to be drawn from the cases and from the reason of the law combined, appears to be the motion to quash, not being one of right, but of privilege granted by the court to the defendant, will not be received when presented at an unreasonble time. In this case the court received and considered the motion to quash, and the demurrer, after the plea of not guilty, and overruled both before the jury was selected and sworn.

The second count was plainly defective. There must be certainty in every indictment touching the thing wherein or of which the offence is committed. This certainty consists in the special description of the persons, places and things mentioned in the indictment, with their respective names, situation, extent, nature, quantity, number, value and ownership. 1 Stark. Crim. Pl., 2d. ed. 182; 2 Hale, V. C. 182.

In *Mowbray's Case*, tried in the general court and reported in 11 Leigh, 674, Gholson, Judge, said: "The motion of the prisoner, which the court overruled, was a motion to quash the whole indictment and each count thereof. Construing the motion in such manner as to give to all its parts their full and fair meaning, we deem it not as a motion to quash generally, but that it embraced a motion to quash each of the counts of the said indictment singly and separately; and so viewing it, this court is of opinion that the circuit court erred in wholly overruling it. * * * A general verdict of guilty declares the accused guilty of each and every count in the indictment. * * * * The jury find the prisoner guilty on *all* the counts of the indictment, and declare generally that he shall suffer imprisonment for so many years. Who shall say how they apportioned the punishment?" &c.

In this case there is a general verdict of guilty. The punishment fixed by the verdict is not such as could be ascertained under that finding in the first section. The punishment prescribed by the first section is death, unless the jury find that

no person was in the dwelling-house when the burning was done. The finding of the jury was then guilty under the second count, and was an acquittal upon the first count.

In the case of *Page* v. *The Commonwealth*, 26 Gratt. 943, Judge Moncure says: " *The Commonwealth* v. *Bennet*, 2 Va. Cas. 235; *Kirk's Case*, 9 Leigh, 627, and *Page's Case*, 9 Leigh, 683, are express authorities that when a verdict finds a prisoner guilty upon some of the counts of the indictment, saying nothing of others, judgment of acquittal should be entered upon those counts of which the verdict takes no notice; and this disposes of all questions in regard to first and second counts." The judgment was reversed, a judgment of acquittal entered here on the first and second counts; the verdict against the prisoner on the third count set aside, and the cause remanded for a new trial to be had on that count under the fifth section.

In *Page's Case*, 9 Leigh, 683, the general count reversed the circuit court, because its judgment did not acquit the prisoner of the charges contained in counts not noticed in the verdict, and also for refusing to quash the counts on which the conviction was had.

In *Stuart's Case*, 28 Gratt. 950, this subject was again under examination in this court, with the same result. See the opinion of Staples, J., and the cases cited.

If the finding of the jury could be confined to the first count, then the verdict prescribing a punishment contrary to that prescribed by the statute would be set aside and the case remanded for a new trial, as in *Jones' Case*, 20 Gratt. 857.

Another ground of exception and assignment of error here is upon the refusal of the county court to quash the *venire* of sixteen persons, selected by lot, as stated, *supra*. The question arising upon this exception can no longer be considered as an open question in this court, but is settled by the decision here

of the case of *Hall* v. *The Commonwealth*, 80 Va. 555, where, in a well considered opinion by Lewis, P., this court held this error to be in violation of an imperative statute of this State prescribing the mode of summoning and impaneling juries in cases of felony punishable with death, referring to the Acts of 1877–8, p. 340. The said statute provides: "Section 4. In a case where the punishment may be death, the writ of *venire facias* shall require the officer to summon twenty-four persons in the manner provided in the third section. * * * In all cases where the punishment may be death, there shall be selected from the persons summoned a panel of sixteen persons, free from exception, and from this panel the accused may strike four from, and the remaining twelve shall constitute the jury; or, if the accused does not strike them off, twelve of the panel shall be selected by lot, who shall constitute the jury."

In the case of *Hall* v. *The Commonwealth, supra,* Lewis, P., said: "These provisions of the statute in respect to impaneling juries are not directory merely, but imperative. They are rules which are made essential in proceedings involving life or liberty, and it is the right of the accused to demand that they be strictly complied with. To disregard them is to deprive the accused of that 'due process of law' which is provided by the legislature, and which is required by the fundamental law of the land."

In this case, as in *Hall's Case, supra,* they have not been complied with, and the judgment of the county court is, therefore, erroneous, and must be reversed and annulled.

The accused are entitled to a judgment of acquittal under the first count in the indictment, and they are entitled to a reversal of the judgment of conviction against them under the second count, and to be discharged from further prosecution under this indictment, which discharge is no bar to another prosecution under another indictment under the fifth section cited above.

JUDGMENT REVERSED.