# Richmond.

## GEORGE E. PFLASTER v. COMMONWEALTH.

January 19, 1928.

Absent, Burks, J.

1. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Motion to Quash—Time of Motion—Motion After Plea of Not Guilty—Case at Bar.*—In the instant case defendant, after the jury was sworn, moved to quash the indictment because it contained a joinder of two separate and distinct felonies. When accused was arraigned he pleaded not guilty, and on his motion the case was continued until the next term of court. There were two other continuances of the case on motion of defendant. During all of this time there was no motion to quash the indictment nor no demurrer to the indictment. A motion to quash embraces the whole indictment. Either count of the indictment in question was good within itself. One or the other should have been permitted to stand.

    *Held:* That the court did not err in overruling defendant's motion to quash.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Motion to Quash—Discretion of Court—Motion After Plea.*—While it is within the discretion of the court, even after plea, to entertain a motion to quash where it clearly appears that the court is without jurisdiction to try the case or if no indictable offense is charged, the motion to quash will not ordinarily be entertained where jurisdiction is manifest upon the face of the indictment, unless the motion is made prior to the filing of a plea of not guilty.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Motion to Quash—Diligence of Accused in Making Motion.*—The motion to quash, if sustained, ordinarily ends the case, for the time being at least. Hence, the accused, in making the motion to quash, must be diligent and not wait, as in the instant case, until after the plea is filed and several terms of the court have passed. The motion to quash is a privilege granted by the court to the accused and will not be received when presented at an unreasonable time.

4. APPEAL AND ERROR—*Point Raised for the First Time on Appeal—Objections to Instructions—Rule 22 of the Supreme Court of Appeals—Case at Bar.*—Rule 22 of the Supreme Court of Appeals provides, amongst

other things, that all objections to the giving of instructions relied upon in the appellate court must appear from the record to have been made in the trial court. In the instant case the trial court certified that the objections to certain instructions relied upon on appeal were not made during the course of the trial; this precluded a consideration of the instructions, as the ends of justice did not require a consideration of the same.

5. APPEAL AND ERROR—*Point Raised for the First Time on Appeal—Defective Verdict—Rule 22 of the Supreme Court of Appeals.*—Where no objection was made to the reception of a verdict by the trial court, an assignment of error to the action of the court in refusing to set aside the verdict of the jury on the ground that it was defective and insufficient falls under the ban of Rule 22 of the Supreme Court of Appeals.

6. ASSAULT AND BATTERY—*Unlawful Wounding—Verdict Specifying Intent—Case at Bar.*—In the instant case, a prosecution for unlawful wounding, the jury found defendant guilty of unlawful wounding of the prosecutor "with intent to maim or to disfigure or to disable or to kill" him. This was objected to on appeal on the ground that when the jury found the accused guilty of unlawful wounding and set forth the intent in the disjunctive, they intended to fix the grade of the offense.

   *Held:* That though the verdict was irregular and should have been amended by the jury, the accused was not prejudiced by the failure to correct the verdict.

7. NEW TRIALS—*Conviction of Lesser Offense—Irregularity in Verdict.*—Where under the evidence adduced by the Commonwealth the accused was guilty of a wanton and malicious assault and the jury found him guilty of unlawful wounding, the jury having acquitted accused of the major offense, he should not be awarded, upon grounds purely technical, a new trial to be had for the lesser offense.

8. ASSAULT AND BATTERY—*Unlawful Wounding—Evidence Sufficient to Sustain Conviction.*—In the instant case accused was convicted of unlawful wounding and assigned as error the refusal of the trial court to set aside the verdict because contrary to the law and the evidence. The accused and the prosecutor had a difficulty in the afternoon, at which time they were separated and did not meet again until night, when the accused came up to the prosecutor and said: "Damn it; you hit me with a rock, and I am going to kill you;" thereupon striking the prosecutor with a rock. Two men who were with the prosecutor intervened and after heated words between them and accused, accused went into his house, got a gun and opened fire in the direction of the prosecutor and the others, twice shooting the prosecutor. The Commonwealth also proved that, prior to the

first difficulty, the accused made threats against the life of the
prosecutor.

*Held:* That the jury were well warranted in finding the accused guilty
of unlawful wounding.

Error to a judgment of the Circuit Court of Loudoun
County.

*Affirmed.*

The opinion states the case.

*L. O. Wendenburg, Wilbur C. Hall* and *J. R. H.
Alexander,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile*
and *Edwin H. Gibson, Assistant Attorneys-General,* for
the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

Plaintiff in error was convicted of unlawful wound-
ing, and his punishment fixed at one year in the peniten-
tiary. The indictment in this case contained two
counts. The first count charged a malicious assault
upon one William Beavers, with a stone, with intent
to maim, disfigure, disable and kill. The second count
charged the plaintiff in error with feloniously and
maliciously shooting and wounding the said Beavers
with intent to maim, disfigure, disable and kill. It is
further alleged in the second count of the indictment
that the second assault was committed by the accused
within ten minutes after the commission of the first
assault.

[1-3] It is assigned as error that after the jury were
sworn the accused moved the court to quash the indict-
ment, because it contained a joinder of two separate
and distinct felonies, which motion the court overruled.

It appears from the record that when the accused was arraigned upon the indictment on the 12th day of October, 1925, he pleaded not guilty, and on his motion the case was continued until the next term of court. At a special term of court held on the 15th day of December, 1925, the accused appeared and on his motion the case was continued until the February term of court, 1926. On the 8th day of February, 1926, the accused appeared in obedience to his recognizance, and again, on his motion, the case was continued until the April term of court.

During all of this time the record fails to show any motion to quash the indictment or the interposition of a demurrer to the indictment. No request was made by the accused to withdraw his plea; upon the contrary, he permitted the jury to be sworn to try the issue joined upon his plea of not guilty. The motion to quash embraced the whole indictment. Either count was good within itself, and, in any event, one or the other of the two counts should have been permitted to stand. As stated, no demurrer was interposed nor was there a motion in arrest of judgment. While it is within the discretion of the court, even after plea, to entertain a motion to quash where it clearly appears that the court is without jurisdiction to try the case or if no indictable offense is charged, the motion to quash will not ordinarily be entertained where jurisdiction is manifest upon the face of the indictment, unless the motion is made prior to the filing of a plea of not guilty. The motion to quash, if sustained, ordinarily ends the case, for the time being at least. Hence, the accused, in making the motion to quash, must be diligent and not wait, as in the instant case, until after the plea is filed and several terms of the court have passed.

In Burks' Notes to Beale's Criminal Pl. & Pr., page

89, it is said: "A motion to quash, being merely *ex gratia*, should be made at an early stage, and if delayed till after plea of not guilty, its reception or rejection is within the discretion of the trial court."

In *Richards* v. *Commonwealth*, 81 Va. 115, it is held that the motion to quash is a privilege granted by the court to the accused and will not be received when presented at an unreasonable time.

This assignment of error is without merit.

[4] It is also assigned as error that the court erred in giving to the jury sundry instructions over the objection of the accused. Under Rule 22 of this court, which became effective July 1, 1925, these various assignments will not be considered. This rule provides, amongst other things, that all objections to the giving of instructions relied upon in the appellate court must appear from the record to have been made in the trial court. In the instant case, the trial court having certified that the objections now relied upon were not made during the course of the trial, this precludes a consideration of the instructions, as we are of the opinion, for reasons hereinafter stated, that the ends of justice do not require a consideration of the same.

[5-7] The next assignment of error challenges the action of the trial court in refusing to set aside the verdict of the jury on the ground that it was defective and insufficient. This assignment also falls under the ban of Rule 22. No objection appears to have been made to the reception of the verdict by the court. The verdict found the accused guilty of unlawful wounding, as charged in the first and second counts of the indictment, "with intent to maim or to disfigure or to disable or to kill the said Beavers." The verdict is irregular and should have been amended by the jury, but the accused has not been prejudiced by the failure

to correct the verdict. Under the evidence adduced by the Commonwealth, the accused was guilty of a wanton and malicious assault. The jury, for some reason not disclosed by the record, having acquitted him of the major offense, he should not be awarded, upon grounds purely technical, a new trial to be had for the lesser offense.

In *Anable's Case*, 24 Gratt. (65 Va.) 563, Judge Moncure said: "One of the chief objects of our criminal statutes is to prevent the acquittal of guilty persons on account of some nice technical distinction between the offense charged and the offense proved against a person accused of crime."

[8] The last assignment of error relied upon is the refusal of the trial court to set aside the verdict because contrary to the law and the evidence. The facts in the case, as found by the jury, may be summarized thus: The accused, George E. Pflaster, and the prosecuting witness, William Berkley Beavers, had an altercation on the afternoon of August 4, 1925, at which time they were separated and did not meet again until that night. Beavers, in company with other persons, attended a public show given in a tent on certain land owned by the accused, and, in going to and from the show, he drove over a lane or road claimed to be the property of the accused. After the show was over, the prosecuting witness, in company with two men named John W. Hummer and John T. Hummer, drove along this lane in a car to a garage building owned by the accused. The car was stopped and the prosecuting witness inquired as to the election returns, and while obtaining this information the accused came up and said: "Damn it; you hit me with a rock, and I am going to kill you;" whereupon he struck the prosecuting witness on the hand with a rock almost

as big as one's double fists.   The two men in the car with Beavers jumped out.   After heated words passed between the accused and the two Hummers, the accused went into his house, got his shotgun and returned to the road, where he opened fire in the direction of the two Hummers and Beavers, who had moved his car, gotten out and was coming up the road.   The accused fired his gun seven or eight times, and twice shot the prosecuting witness, Beavers.   The Commonwealth also proved that, prior to the first assault, the accused made threats against the life of said Beavers.

It is apparent from this summary that the jury were well warranted in finding the accused guilty of unlawful wounding.

We are of the opinion that the plaintiff in error has been most leniently dealt with, and that he should suffer the penalty of his crime.

*Affirmed.*