# Richmond

RUFUS BRANCH v. COMMONWEALTH OF VIRGINIA.

October 8, 1945.

Record No. 3002.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Son* and *J. Eugene Diggs*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

In this case the validity of the jury's verdict is challenged because it is general in its terms when the indictment upon which it is based charged two separate crimes—one, breaking and entering in the night-time with the intent to commit larceny and another feloniously stealing, taking and carrying away goods and chattels of another to the value of $1502.75.

This is the verdict under review:

"We the jury find the accused, Rufus Branch, guilty as charged in the within indictment and fix the penalty at two years confinement in the penitentiary." See *Stapleton v. Commonwealth,* 140 Va. 475, 487, 124 S. E. 237; *Meade v. Commonwealth,* 177 Va. 811, 12 S. E. (2d) 796.

The question presented is by no means new in this court. It has been the subject of decisions many times.

In the course of the trial the court instructed the jury that there was no evidence against the accused to convict him of storebreaking. That charge was therefore abandoned by the Commonwealth and the trial proceeded on the issue of larceny.

We have no hesitancy in adhering to our former rulings and saying that the general verdict was responsive to the sole issue submitted to the jury. Our confidence in its soundness is assured since we have said: "One of the chief objects of our criminal statutes is to prevent the acquittal of guilty persons on account of some nice technical distinction between the offense charged and the offense proved against a person accused of crime." *Pflaster v. Commonwealth,* 149 Va. 457, 462, 141 S. E. 115.

"Housebreaking with the intent to commit larceny, and grand larceny are distinct offences under the law, and to each is affixed its own penalty, but they may be and often are one continued act, and may be charged in the same count of an indictment. Upon such count the accused may be found guilty of either of the offences, but there can be only one penalty imposed." *Benton* v. *Commonwealth*, 91 Va. 782, 788, 21 S. E. 495.

In the course of the trial it developed that there was sufficient evidence to convict the accused of the crime of receiving stolen goods of the value of more than fifty dollars knowing them to have been stolen, the goods not being in any building when so received. This was undoubtedly the basis of the conviction and it is a lesser offense which is included in the major one of larceny. Code of Virginia (Michie) 1942, section 4448.

We find no error in the judgment of the trial court and it is therefore

*Affirmed.*