**Charles H. DOVE, Jr., Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 9611.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1965.

Decided March 5, 1965.

---

4. The docket discloses that "there is no verdict nor judgment to be entered in the third party action."

Evans B. Brasfield, Richmond, Va. (court-assigned counsel) [Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Now serving two concurrent terms of eight years each in the Virginia penitentiary, Charles H. Dove, Jr. applied to the District Court for release on habeas corpus upon the ground that in his trial he was deprived of due process and the equal protection of the laws. The abridgment asserted consists of this: (1) that he was prosecuted for one crime, accessory to armed robbery, but convicted of another, the receiving of stolen property;

and (2) that during a respite of his trial, the judge who was hearing his case without a jury, tried other indictments against other defendants arising out of the same event upon which Dove was indicted, and thus the Court heard evidence in respect to Dove's offense in his absence.

The District Judge dismissed Dove's petition for his failure to exhaust State remedies. We agree that the petition should have been dismissed, but we base decision upon a want of merit in the premises of the petition.

Dove was indicted for the armed robbery of Pete Lallas (or Lawless) on November 17, 1950 in the City of Charlottesville, Virginia. A similar indictment was returned against him for the robbery of T. N. Deane at the same time. Likewise, Earl Shiflett was charged in two indictments for robbery of Lallas and Deane committed on this occasion. With the consent of the accused and their counsel, Dove and Shiflett were tried together, each on two indictments, before the State court without a jury. On their motion the prosecution was required to elect upon what crime it would prosecute. In answer the State replied that it would prosecute the defendants as accessories before the fact of armed robbery. Similar indictments had been handed up against R. V. Allen (Richard B. Allison), Telsa (Tulsa) Rae and John C. Coleman, accusing each of them of the same robbery of which Dove and Shiflett were standing trial.

Trial of Dove and Shiflett commenced on March 2, 1951 and continued through March 3, 1951. The order of the last day recites that "the Court, having now fully heard the evidence but, reserving judgment herein until the conclusion of the trials of John Carroll Coleman, Telsa Rae, R. V. Allen, who are likewise indicted for the same offenses herein alleged against these defendants at the bar, doth order that these cases be continued until the next succeeding term of this court, that being the March term, 1951".

The next minute of trial shows that on April 5, 1951 the Court received "written stipulations to additional testimony", and immediately afterwards found each defendant guilty—on each indictment—of the crime of "receiving money, national currency of the United States, of value in excess of Fifty Dollars ($50.00), the property of Pete Lallas [T. H. Deane in the other indictments], knowing the same to have been stolen, . * * * ". Concurrent sentences of eight years on each indictment were then passed.

Defense counsel moved in arrest of judgment because the indictments did not charge the offense of receiving stolen goods, and that an indictee for robbery cannot be convicted of receiving stolen goods. The motions failed. Writs of error were seasonably and appropriately asked of the Supreme Court of Appeals of Virginia by Dove. In substance the grounds of his petition were: (1) that the indictments alleged only armed robbery and could not sustain a conviction of receiving stolen goods; and (2) that as the State elected to try the defendants as accessories before the fact of armed robbery, not for receiving stolen goods, the judgment of the Court has the effect of acquitting the defendants, for accessory to robbery was the only crime tried under the indictments. The writs were denied on March 7, 1952.

In July 1962 application was made to the State trial court—a permitted forum —for habeas corpus upon the same grounds urged in the petition for writs of error, but asserted as an additional reason the adjournment of Dove's trial until after the hearing of the other cases. At the hearing of this application on November 19, 1962, Dove was represented by court-appointed counsel. Relief was refused November 28, 1962. A transcript of the habeas corpus hearing, which Dove had requested on January 9, 1963 for purposes of appeal, was delivered to him on January 14, 1963. The appeal was disallowed by the Supreme Court of Appeals on October 9, 1963 for the reason that the transcript had not been certified by the hearing judge within the period required by the rules of the appellate

court. On that appeal Dove was without counsel.

Each of the indictments against Dove was in this form:

" * * * Charles H. Dove, Jr., on the 17th day of November, 1950, in said City, did feloniously make an assault on Pete Lallas [T. N. Deane] with a deadly weapon, to-wit: a pistol and did threaten the said Lallas [Deane] with said pistol and put him in bodily fear by presenting of fire arms, as aforesaid, and thereby violently and forcibly against the will of the said Lallas [Deane] and from his person $800.00 in money National Currency of the United States, property of the said Lallas [Deane], by violence, putting in fear and presenting of fire arms as aforesaid did feloniously steal, take and carry away against the peace and dignity of the Commonwealth."

The evidence showed that several days before the crime Dove, Shiflett, Rae, Allison and Coleman planned the robbery of Lallas. Pursuant to the scheme Coleman, who was employed in Charlottesville, asked Lallas to come to the office of Coleman's employer about 7 o'clock on the evening of November 17, 1950. When he arrived Coleman asked Lallas to cash a check of $100.00, which he did. Meanwhile Deane came into the office. Shortly thereafter Rae and Allison entered the office wearing masks, and Allison held a pistol upon Coleman, Deane and Lallas.

The two masked men then took from Deane and Lallas hundreds of dollars, plus a small amount from Coleman. They then forced the three victims into the washroom, turned off all the lights and left. Afterwards Coleman met with Dove, Rae, Allison and Shiflett and they divided the loot among them, first returning to Coleman the money taken from him.

█ I. In dismissing Dove's petition the District Court held that in not perfecting his appeal in the habeas corpus proceeding, he had not exhausted his State remedies. The Court's reasoning was that the failure to complete the appeal-process was attributable solely to the fault of Dove and was an attempt to by-pass the State remedy. Cf. Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). However, we need not pass on the point because the requisite exhaustion may be found in his appeal from the conviction. Thomas v. Cunningham, 313 F.2d 934, 937 (4 Cir. 1963). While there is a confusion in the record warranting the District Judge in concluding that on that appeal Dove had abandoned the contention that the indictment did not permit a conviction of receiving stolen property, we think all of the grounds now urged, with one exception, were put before the State court on the criminal appeal and overruled. The exception is the complaint about the adjournment of the criminal trial. For this single omission Dove should not be required to retrace his steps through the State courts. Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

█ II. Robbery in Virginia is common law robbery. Jones v. Commonwealth, 172 Va. 615, 1 S.E.2d 300 (1939). Robbery includes the offense of larceny. Mason v. Commonwealth, 200 Va. 253, 105 S.E.2d 149 (1958). Actually, larceny is spelled out in the instant indictment. Under an indictment for robbery the accused may be found guilty of larceny. Cf. Snead v. Smyth, 273 F.2d 838 (4 Cir. 1959); Fleming v. Commonwealth, 170 Va. 636, 196 S.E. 696, 698 (1938); Maxwell v. Commonwealth, 165 Va. 860, 183 S.E. 452, 456 (1936). By statute larceny embraces the criminal receiving of stolen property. § 18.1–107, Code of Va.1950; Branch v. Commonwealth, 184 Va. 394, 35 S.E.2d 593 (1945). That offense is indictable as larceny. Clark v. Commonwealth, 135 Va. 490, 115 S.E. 704 (1923). Under a larceny indictment an accused may be tried for receiving stolen goods. Stapleton v. Commonwealth, 140 Va. 475, 124 S.E. 237 (1924). Therefore, the accused in an indictment for robbery is apprised of his liability to conviction as a criminal receiver.

 All of these propositions were confirmed by the Supreme Court of Appeals, the final arbiter of the law of Virginia, when in refusing the appeal from Dove's convictions it declared the judgments to be "plainly right". The effect of these interpretations is to bar a retrial of Dove for any crime of greater gravity than the receipt of stolen goods. § 19.1–249, Code of Va., 1950.

 Jurisdiction to convict Dove of receiving stolen property was not destroyed by the prosecutor's declared election to proceed against him as an accessory to robbery. An accessory "before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree * * *." § 18. 1–11, Code of Va. 1950. The announcement by the Commonwealth's Attorney in no way modified the offenses charged in the indictment. He was still prosecuting for robbery, with larceny as an integral part of the crime. His statement merely specified the extent of participation he would endeavor to prove on the part of Dove.

 With respect to the respite of the trial before its completion, the answer to this assignment is several fold. To begin with, no objection was made to it at the trial. Upon resumption of the hearing supplementary evidence was taken, and it is not clear whether it was received on behalf of the defendant or of the Commonwealth. Admittedly, it was done by consent. If it was at the instance of the defendant, seemingly the continuance benefited him by allowing enlargement of his evidence. At all events, there is no basis whatsoever for an inference that any evidence prejudicial to Dove was heard by the judge in the trial of the other cases.

 But, more importantly; it must be remembered that the trial was without a jury. A judge is presumed not to confuse the evidence in one case with that in another. Intermission of a trial before a judge alone is common practice and frequently cannot be avoided. Especially is this so when further evidence may be needed but is not then available, a possibility here. If the point now made by Dove is valid, then there could have been no trial by the same judge of the other defendants subsequent to Dove's trial. He would have heard the evidence in the Dove case and it might be said he used it afterwards against the remaining defendants. Nor could a judge ever grant a severance of a joint indictment and hear the cases separately. These results demonstrate the infirmity of the argument now urged upon us.

For the reasons stated, the petition for habeas corpus will be dismissed on its merits, rather than for non-exhaustion of the State remedies.

Affirmed.