**In re Richard R. RYDER, Appellant.**

**No. 11315.**

United States Court of Appeals
Fourth Circuit.

Argued June 22, 1967.

Decided July 20, 1967.

---

1. We do not decide whether the court had power to grant the request.

Edward A. Marks, Jr., and David J. Mays, Richmond, Va. (Leith S. Bremner, Richmond, Va., on brief), for appellant.

C. V. Spratley, Jr., U. S. Atty. (Samuel W. Phillips and John D. Schmidtlein, Asst. U. S. Attys., on brief), for the United States.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

This is the appeal of Richard R. Ryder from an order by the Judges of the Eastern District of Virginia, sitting en banc, adjudging him guilty of unprofessional conduct and suspending him from practice before that court for a period of 18 months.

█ The essential facts are not in dispute. In the course of his representation of an individual suspected of bank robbery, Ryder transferred from that person's safe deposit box to his own, stolen money and a sawed-off shotgun, in violation of state and federal law. At least one purpose, avowed by Ryder, was to conceal the articles and thereby avoid the presumption of guilt which would arise if the money and the weapon were found in the client's possession. Viewed in any light, the facts furnished no basis for the assertion of an attorney-client privilege. It is an abuse of a lawyer's professional responsibility knowingly to take possession of and secrete the fruits and instrumentalities of a crime. Ryder's acts bear no reasonable relation to the privilege and duty to refuse to divulge a client's confidential communication. Ryder made himself an active participant in a criminal act, ostensibly wearing the mantle of the loyal advocate, but in reality serving as accessory after the fact.

█ We have carefully considered the exculpatory arguments made in Ryder's behalf in the District Court and again advanced on appeal. They have all been dealt with thoroughly and satisfactorily in the District Court's opinion, 263 F. Supp. 360 (E.D.Va.1967), and there is

no need for elaborate repetition. The District Court's opinion is adopted as our own and its judgment, which we think lenient in the circumstances, is affirmed.

■ Having reached this conclusion on the complete record, briefs and arguments, we can do no less than suspend Ryder from practice Lefore this court for the duration of his suspension from the District Court. It is so ordered.

Affirmed.