Lloyd CLARK, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 67–C–19–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Feb. 12, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by Lloyd Clark pursuant to 28 U.S.C. § 2241.

Petitioner is currently serving a term of fifteen years in the Virginia State Penitentiary, pursuant to a conviction for robbery by the Corporation Court for the City of Charlottesville on December 1, 1966. At his trial before a jury, petitioner was represented by court-appointed counsel. The case was appealed on a writ of error to the Supreme Court of Appeals of Virginia and, on June 14, 1967, that Court affirmed the judgment of the City of Charlottesville Court. The Supreme Court of Appeals considered a petition to rehear the previous petition and denied same on September 8, 1967.

Petitioner now seeks a writ of habeas corpus from this court; alleging that the trial court refused to give a proper instruction, the prosecution deliberately suppressed evidence, and denial of due process of law and equal protection of the law.

Petitioner's allegation concerning an instruction to the trial jury is not a proper issue to be raised by a federal writ of habeas corpus. "[T]he writ of habeas corpus cannot be used as a writ of error; the scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged * * * (citations) * * *" Harrison v. Boles, 307 F.2d 928, 931 (4th Cir. 1962). "Normally the sufficiency of evidence and instructions to juries in state trials are matters of state law not involving federal constitutional issues. * * * 'It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented.'" Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962). After examining all available records of the trial, this court finds no indication of fundamental unfairness.

Petitioner has not filed a writ of habeas corpus in the state courts, thus the state courts have not had an opportunity to rule on petitioner's remaining allegations. This court will not consider petitioner's federal writ of habeas corpus until such time as petitioner has sought and been denied relief in the courts of the Commonwealth. Thomas v. Commonwealth, 357 F.2d 87 (4th Cir. 1966); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). This court, therefore, is compelled to dismiss the present petition.

It is therefore adjudged and ordered that the petition for habeas corpus be, and the same is hereby dismissed without prejudice to file a petition in the state courts.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.