**John Wesley GUNTER, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–18–D.**

United States District Court
W. D. Virginia,
Danville Division.

July 19, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a writ of habeas corpus filed *in forma pauperis* by Johnny Wesley Gunter, pursuant to 28 U.S.C. § 2241.

Petitioner is currently serving a term of five years in the Virginia State Penitentiary, pursuant to a conviction of grand larceny by the Corporation Court of the City of Danville on January 26, 1967. Another five year term, imposed by the court during the same trial on a second indictment of grand larceny, will begin to run in 1970. The petitioner appealed both convictions to the Virginia Supreme Court of Appeals on a writ of error on the grounds that the evidence was insufficient to support the conviction. The Virginia Supreme Court of Appeals on December 4, 1967 affirmed the trial court's decision, denying petitioner's request for a writ of error.

On April 8, 1968 the petitioner requested that a copy of the court proceedings from the Corporation Court of Danville be furnished to him *in forma pauperis* in order that he might initiate habeas corpus proceedings. A petition for a writ of habeas corpus was filed in the United States District Court for the Eastern District of Virginia on April 19, 1968, which was transferred to and filed in this court. It was thereafter ordered that the Attorney General of Virginia forward the records and transcripts of the state court proceedings, together with an answer to the petition, to be filed within thirty days.

Petitioner seeks a writ of habeas corpus from this court, alleging that the evidence was insufficient to support his convictions, the trial court refused to give proper instructions and that the trial court had no jurisdiction to try the offense charged in the second indictment.

The allegations by petitioner concerning the insufficiency of the evidence and improper instructions are not proper issues to be raised by a federal writ of habeas corpus. Normally the sufficiency of evidence and instructions to juries in state trials are matters of state law not involving federal constitutional issues. "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented". Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir. 1962); Clark v. Peyton, 280 F.Supp. 205 (D.C.Va.1968). A habeas corpus petition is not to serve as a writ of error or as an additional appeal. Grundler v. State of North Carolina, 283 F.2d 798 (1960). After an examination of all available records of the trial, this court finds no indication of fundamental unfairness.

Petitioner's final claim is that the trial court had no jurisdiction to try the offense of larceny charged in the second indictment since no larceny occurred in Virginia, the stolen goods having been stolen from a store in North Carolina. This claim is without merit.

Petitioner was convicted of receiving stolen goods, not of stealing the goods. The act of receiving stolen goods is deemed to be larceny in Virginia. § 18.-1–107, 1950 Va.Code Ann. (1960 Replacement Vol.); Branch v. Commonwealth, 184 Va. 394, 35 S.E.2d 593 (1945). Furthermore, in Virginia an accused may be tried for receiving stolen goods under a larceny indictment. Dove v. Peyton, 343 F.2d 210 (4th Cir. 1965). It is clear from the verdict, as read by the jury, that the petitioner was convicted of receiving stolen property. Moreover, the act of receiving the goods occurred within the boundaries of the State of Virginia and the trial court did have jurisdiction in the matter.

It is therefore adjudged and ordered that the petition for habeas corpus be, and the same is hereby dismissed.