**UNITED STATES of America,**
**Appellee,**

v.

**Charles Richard COOK, Appellant.**

**No. 11530.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1968.

Decided Sept. 10, 1968.

Robert E. Pembleton, Richmond, Va. (Court-assigned counsel), for appellant.

C. V. Spratley, Jr., U. S. Atty., and Michael Morchower, Asst. U. S. Atty., for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Charles Richard Cook appeals his conviction on May 11, 1967 for armed bank robbery. 18 U.S.C. § 2113(d). We affirm.

The assignments of error to the judgment stem from the fact that before Cook's trial his retained counsel, Richard R. Ryder, was suspended from the bar for unethical behavior in conducting appellant's defense. In re Ryder, 263 F. Supp. 360 (E.D.Va.1967), aff'd per curiam, 381 F.2d 713 (4 Cir. 1967). His foremost protest is that he did not receive a fair trial because his case was heard by one of the judges who sat in the Ryder disciplinary proceeding. The contention lacks merit.

First, he was advised that a motion for a change of venue would be sympathetically heard. Second, he was fully informed of his right to a jury, and his waiver was accepted with the utmost caution. In each instance he was attended by counsel. Finally, that the presiding judge had previously heard evidence concerning Ryder's deportment did not of itself disqualify him. As we have said, "A judge is presumed not to confuse the evidence in one case with that in another." Dove v. Peyton, 343 F.2d 210, 214 (4 Cir. 1965).

Cook charges also that he was denied a speedy trial. Here, too, he has no grievance. True, there were delays, but none unreasonable. Indeed, for the most part they were at the request of or for Cook. See United States v. Banks, 370 F.2d 141 (4 Cir. 1966).

With the complaint of delay is the assertion that he was without counsel at a crucial time. Concededly, he was not represented for about six weeks, that is during the inquiry and hearing leading to the discipline of Ryder. However, Cook had not told the Court of his financial inability to obtain another lawyer, and promptly when informed of his indigence, the Court appointed counsel for him. Thus the argument is unsubstantial.

Cook's other specifications of trial error likewise are ungrounded in law, and the judgment below is affirmed.

Affirmed.