**Robert Muller TAYLOR, Petitioner,**

v.

**STATE OF MINNESOTA, Respondent.**

No. 71–1654.

United States Court of Appeals,
Eighth Circuit.

Nov. 16, 1971.

Robert Muller Taylor, pro se.

No brief for appellee.

Before LAY and ROSS, Circuit Judges.

PER CURIAM.

Petitioner, a Minnesota state prisoner, seeks a certificate of probable cause to enable him to appeal the denial of a writ of habeas corpus by the federal district court. Petitioner was convicted in state court and on May 14, 1971, his conviction was affirmed by the Minnesota Supreme Court. State v. Taylor, 187 N.W.2d 129 (Minn.1971). The grounds set forth in his petition for habeas corpus in federal court are identical to the ones set forth in his brief and reviewed by the Minnesota Supreme Court. Included within said grounds are claims allegedly based on denials of federal constitutional rights. On October 1, 1971, the federal district court dismissed Taylor's petition because of the fact that petitioner had failed to avail himself of the state post-conviction procedure under Minn. Stat.Ann. §§ 590.01, 590.05 (1969). We find, under the circumstances existing, this to be error.

In Kennedy v. Sigler, 397 F.2d 556 (8 Cir. 1968), this court said:

"[T]he Supreme Court of Nebraska has already ruled directly on Kennedy's present claim in the appeal he took from his conviction and sentences.

---

[cite omitted] And that court very clearly has indicated that, in the absence 'of a real miscarriage of justice', issues litigated on direct appeal are not to be relitigated in a proceeding under the post-conviction statute. [cite omitted] We therefore conclude that Kennedy has satisfied the requirement under 28 U.S.C. § 2254(b) that he first utilize the state procedure. See Donnell v. Nash, 323 F.2d 850, 851 (8 Cir. 1963), cert. denied 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619."

See also Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Davis v. Sigler, 415 F.2d 1159 (8 Cir. 1969); Dove v. Peyton, 343 F.2d 210 (4 Cir. 1965).

No new grounds are set forth in the petition. Taylor has presented all his claims to the Minnesota Supreme Court on direct appeal; these have been reviewed and rejected. Under the circumstances, petitioner has exhausted his state remedies. The certificate for probable cause is granted; the cause is remanded to the federal district court for review of the merits of the constitutional issues presented.