Geoffrey **HONNEUS**

v.

**UNITED STATES.**

Civ. A. No. 76–4506–C.

United States District Court,
D. Massachusetts.

Jan. 14, 1977.

Bernard M. Grossberg, Boston, Mass., for petitioner.

James N. Gabriel, U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a civil action in which plaintiff seeks an order vacating his conviction and sentence. On April 1, 1974 he was sentenced to the custody of the Attorney General for a period of ten years and fined $15,000 for violation of various federal narcotic laws and for conspiracy to violate those laws.

The matter is before the Court on petitioner's motion to proceed in forma pauperis, petitioner's motion to impound the petition to vacate, and petitioner's motion to recuse.

Upon consideration of these three motions and the documentation relating thereto, it is

ORDERED:

1. The motion to proceed in forma pauperis is allowed.

2. The motion to impound is denied.

3. With reference to the motion to recuse, petitioner, through his present counsel, who did not represent him at the trial, requests the undersigned to recuse himself pursuant to 28 U.S.C. § 455(a) and (b)(1). The stated grounds for the motion are that the undersigned is "so connected with other litigation as to make it improper for him to sit on said petition, in that, on information and belief, he is the complainant and/or referring authority and/or has cited petitioner's trial counsel, Thomas C. Troy, before the Massachusetts Board of Bar Overseers in *Bar v. Troy,* B.B.O. No. 74–158, for disciplinary action for unknown reasons." The petition further alleges that the undersigned "may have knowledge of facts or possess opinions from an extra-judicial source regarding petitioner which could result in prejudice or bias towards petitioner."

As a matter of public record, on April 1, 1974, this Court read from the bench and then filed as a public document a memorandum setting out in detail this Court's evaluation of the nonprofessional aspects of the conduct of Mr. Troy in this case. That memorandum was filed as required by the provisions of Canon 3, Commentary B, of the Canons of Ethics adopted by the Judicial Conference of the United States, which provides in pertinent part:

A judge should take or initiate appropriate disciplinary measures against a . . . lawyer for unprofessional conduct of which the judge may become aware.

The memorandum filed April 1, 1974 expressly quoted from said canon. Subsequent to the filing of the memorandum, the Clerk of Court sent a copy thereof to the Grievance Committee of the Massachusetts Bar Association as directed.

■ Thereafter counsel for the Massachusetts Bar Association Grievance Committee forwarded the memorandum to the newly created Board of Bar Overseers and so advised this Court in writing on September 17, 1974. The foregoing is the complete extent of this Court's activities in connection with the conduct of the then counsel of petitioner and, as noted, it is a matter of public record. It is well established law that alleged bias and prejudice, in order to be grounds for judicial disqualification, must stem from an extra-judicial source and result in an opinion on the merits of the

case on some basis other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

 It is also established law that adverse rulings do not establish bias or prejudice, *Berger v. United States,* 255 U.S. 22, 31, 41 S.Ct. 230, 65 L.Ed. 481 (1921), nor create a question as to judicial impartiality. *United States v. Schwartz,* 535 F.2d 160, 165 (2 Cir. 1976). It has been held that the fact that a judge sat upon an attorney's disciplinary proceedings for unethical conduct in connection with a case, did not require him to recuse himself from sitting on the subsequent bank robbery trial of the attorney's client in the same case. *United States v. Cook,* 400 F.2d 877 (4 Cir. 1968), cert. denied, 393 U.S. 1100, 89 S.Ct. 898, 21 L.Ed.2d 792 (1969). Nor does the fact that a judge has cited a party for contempt require him to recuse himself. *United States v. Franks,* 511 F.2d 25, 37 (6 Cir. 1975); *Barry v. Sigler,* 373 F.2d 835, 836 (8 Cir. 1967). Accordingly, I rule that the fact that as a matter of public record a judge referred the in-court unprofessional conduct of an attorney to a Bar Association Grievance Committee, does not require him to recuse himself from hearing the post-conviction motions of the attorney's client, particularly where, as here, that attorney no longer represents the client.

More significantly, over and above the foregoing, the petition for recusation contains no allegations that the Court has extra-judicial bias or prejudice against, or extra-judicial contact with the petitioner, there in fact, being none. Having in mind the observation of the Court of Appeals for this Circuit in *In re Union Leader Corporation,* 292 F.2d 381, 391 (1961), that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is. See *Tucker v. Kerner,* 7 Cir., 1950, 186 F.2d 79, 85; *Sanders v. Allen,* D.C.S. D.Cal.1944, 58 F.Supp. 417, 420, appeal dismissed, 9 Cir., 1945, 151 F.2d 534," this Court declines to recuse itself.

Accordingly, the motion for recusation is denied.