**UNITED STATES of America**
v.
**Gary Rocco GARRAMONE et al.**
Crim. No. 73–648.

United States District Court,
E. D. Pennsylvania.

March 4, 1974.

Robert E. J. Curran, U. S. Atty., Albert J. Wicks, Sp. Atty.-Strike Force, Philadelphia, Pa., for plaintiff.

Oscar B. Goodman, Las Vegas, Nev., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

The four above-named defendants have been charged in a two-count indictment with violation of various Federal and state laws which prohibit the use of communications facilities in interstate commerce to promote an unlawful gambling or wagering enterprise. Presently before the Court are a series of pretrial motions filed by the defendants. The defendants' motions were the subject of a one-day evidentiary hearing held on February 1, 1974.

Initially, defendants contend that the trial judge should disqualify himself from the trial of this case. The reason advanced in support of this request is that the Court has developed a bias or prejudice against one or more of the defendants by virtue of the Court's authorization of electronic surveillance on the telephone of defendant Gary Rocco Garramone. Defendants argue that 28 U.S. C. § 144 mandates the Court's disqualifi-

cation from the trial or any subsequent pretrial proceedings. In substance, 28 U.S.C. § 144 provides that when a party files a sufficient affidavit demonstrating personal bias or prejudice on the part of the judge before whom the matter is pending, the judge shall proceed no further.

The filing of an affidavit of prejudice does not automatically require that the assigned trial judge recuse himself from participation in the case. The defendants' affidavit must be sufficient under the terms of the statute. The essential requirements of an affidavit of bias are outlined in the recent case of United States v. Thompson, 483 F.2d 527 (3rd Cir. 1973). The court therein noted that the affiant has the burden of making a threefold showing: (1) The facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature.

The Court has examined the affidavit submitted by the defendants in this case and has concluded that the averments contained therein are not sufficient under the statute. The facts do not establish any personal bias or prejudice on the part of this Court. A showing of judicial bias is not sufficient to warrant the recusal of the trial judge. The affidavit must establish a bias or prejudice of an extrajudicial origin, a bias that has been acquired outside the four walls of the courtroom. Adverse judicial rulings or prior judicial exposure to the parties or questions are not sufficient to establish personal bias or prejudice. See, Lyons v. United States, 325 F.2d 370 (9th Cir. 1964), cert. denied 377 U.S. 969, 84 S.Ct. 1650, 12 L. Ed.2d 738 (1964); United States v. Harris, 458 F.2d 670 (5th Cir. 1972); Wolfson v. Palmieri, 396 F.2d 121 (2nd Cir. 1968); Tynan v. United States, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967); United States v. Thompson, supra.

Section 144 contemplates a bias or prejudice stemming from religious, ethnic, sociological, or other similar extra-judicial grounds. The defendants have not presented any facts which would even facially suggest a personal bias or prejudice on the part of the Court. Their reliance on 28 U.S.C. § 144 is, therefore, wholly misplaced.

Defendants have also cited 28 U.S.C. § 47 as additional grounds for the disqualification of the Court. This statute provides that:

"No judge shall hear or determine an appeal from the decision of a case or issue tried by him."

The above statute is equally inapplicable to the issues presently before us. A pretrial hearing or the trial on the merits does not constitute an "appeal" within the meaning of the statute. Furthermore, the authorization of electronic surveillance is not the case or issue tried by the Court. The "case or issue" language of the statute refers to a final Order of the lower court which may be appealed to a higher court. Defendants have not cited, nor has the Court been able to discover, one case in which a judge was precluded or disqualified from participating in the trial of the case because he had signed an affidavit authorizing the interception of wire communications. In fact, Local Rule of Criminal Procedure 16(b) specifically directs that any motion attacking the validity of an Order authorizing the interception of a wire communication issued by a judge of this Court shall be heard by that judge. Under the above provision, the particular judge who approves a wiretap Order would hear and decide any motion attacking such Order. To hold that a judge who signed an Order authorizing electronic surveillance must thereafter be disqualified from participating in the case would not only be in direct conflict with Local Rule of Criminal Procedure 16(b) but would suggest that a judge who conducted a full hearing on the motion to suppress evidence must be disqualified from sitting at the actual trial of the case. This Court is not disposed to make such an unreasonable and illogical determination.

On November 30, 1972, this Court issued an Order authorizing electronic surveillance over a telephone subscribed to defendant Gary Rocco Garramone. The requisite probable cause to believe that the officer seeking the Order permitting electronic surveillance would obtain evidence of the commission of the offense and that an individual is committing or has committed a particular offense was based in part on information supplied to the affiant by certain confidential informants. The defendants have moved the Court to compel the Government to disclose the names and addresses of the confidential informants.

The Government does not have an absolute duty to disclose the identity of confidential informants. Whether disclosure is required depends on the facts and circumstances of each particular case. Where disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, disclosure will be constitutionally required. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

The defendants have failed to indicate with sufficient preciseness the necessity for the disclosure of the identity of one or more of the informants. No question of possible mistaken identity or the defense of entrapment has been raised here. The informants are not scheduled to testify at trial against the defendants. The identity of the informants that supplied information to law enforcement officials is not relevant to the ultimate issue of the defendants' guilt or innocence of the offense charged.

The Government opposes the defendants' request for disclosure on two grounds. Initially, the Government contends that the informants are currently supplying valuable information in connection with the ongoing investigation of related criminal activity. In addition, it is asserted that the public revelation of the names and addresses of the confidential informants would seriously jeopardize the health and safety of such informants and their families. The Court believes that the interest of the Government in preserving the confidentiality of the informants' identities substantially outweighs the minimal interest of the defendants in full disclosure.

Defendants seek to suppress the contents of the intercepted wire communications on the basis that such evidence was procured in violation of the defendants' rights under the Constitution of the United States. Specifically, defendants claim that the statute under which the Court Order authorizing the interception of the wire communications was entered is unconstitutional. Title III, Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 to 2520, has been repeatedly upheld as constitutional. United States v. Cafero, 473 F.2d 489 (3rd Cir. 1973); United States v. Whitaker, 474 F.2d 1246 (3rd Cir. 1973).

Section 2516 of 18 U.S.C. requires the Attorney General or any specifically designated Assistant Attorney General to authorize an application to a Federal Judge for an Order authorizing the interception of wire or oral communications. Pursuant to the above statute, a special attorney of the Organized Crime and Racketeering Section of the United States Department of Justice responsible for the prosecution of this action submitted an application to the Attorney General of the United States requesting authorization to file an application for a wiretap Order with a Federal Judge. Richard G. Kleindienst, who was the Attorney General of the United States at the time the application was submitted, authorized such application. Defendants now contend that the Attorney General's authorization of special attorney's application was not made in conformity with the provisions of 18 U.S.C. § 2516. The claimed statutory insufficiency consists of the alleged failure of the Attorney General to personal-

ly review all relevant information and documentation before authorizing the wiretap application.

Richard G. Kleindienst authorized the application by personally affixing his signature to a document entitled, "Authorization for Interception Order Application." Directly above the Attorney General's signature the following language is found:

> "Pursuant to the power conferred on me by Section 2516 of Title 18 U.S.C. I hereby authorize the above-described application . . ."

Defendants claim that § 2516 requires more of the Attorney General than the ministerial task of affixing his signature to the application. It is argued that the term "authorization" embodies a responsibility of personal review on the part of the Attorney General and that the authorization must affirmatively reflect such personal review of the documentation submitted with the application.

■■■ According to the relevant provisions of § 2516, the Attorney General must "authorize" an application for a wiretap Order. The statute does not call for an affirmative demonstration on the face of the authorization that the Attorney General personally review the documentation submitted.

■■■ With respect to the distinct question of whether the requirement of authorization embodies the responsibility of personal review, there is no indication on the document authorizing the application that Mr. Kleindienst did not in fact review the investigatory file. Reference in the authorizing document to the fact that Henry Petersen, the Assistant Attorney General, recommended authorization to the Attorney General does not constitute evidence that Richard G. Kleindienst did not personally review the application. Absent a substantial evidence to the contrary, the Court must assume that the Attorney General would not affix his signature authorizing an application for a Court Order without first examining the appli-

cation. Finally, defendants contend that the affidavit did not contain sufficient probable cause to support the Order of the Court authorizing electronic surveillance. Upon a careful reexamination of the affidavit and in consideration of the testimony elicited during the evidentiary hearing, the Court is convinced that within the four corners of the affidavit there was established probable cause to believe that the interception of communications transmitted over the telephone lines subscribed to by defendant Gary Rocco Garramone would result in obtaining evidence of the commission of violations enumerated in the affidavit. In summary, the Government complied with all of the relevant provisions of 18 U.S. C. § 2510 to § 2520 in obtaining and executing the Court's Order authorizing the interception of wire communications. Accordingly, defendants' motion to suppress the contents of the intercepted telephone communications will be denied.