**UNITED STATES of America**

**v.**

**Charles T. PASCIUTI.**

**Crim. No. CR–91–63–01–S.**

United States District Court,
D. New Hampshire.

Sept. 14, 1992.

See also 803 F.Supp. 499, 803 F.Supp. 563.

David Vicinanzo, Clyde R.W. Garrigan, Asst. U.S. Attys., Jeffrey R. Howard, U.S. Atty., Concord, N.H., for plaintiff.

Alan P. Caplan, San Francisco, Cal., for C. Pasciuti, Paul J. Garrity, Londonderry, N.H., for R.S. Dodge.

## ORDER

FUSTE, District Judge, Sitting by Designation.

█ We have before us a motion for disqualification of trial judge, Docket Document No. 962, filed at 2:56 P.M., on Friday, September 11, 1992. Trial in this case is scheduled to commence on Monday, September 14, 1992, at 9:00 A.M.[1] The motion is based on 28 U.S.C. secs. 144 and 455(b)(1), and is predicated on the belief that the personal prejudice and bias of the trial judge against the Hell's Angels' defendants precludes the defendants and each one of them from receiving a fair trial. The motion further states the following:

1. The Court in denying the motion to continue and disqualify Assistant United States Attorney David Vicinanzo stated, "While we can do nothing about the inherently *sensational nature of membership* in the Hell's Angeles (sic) ... fn 4." "fn 4, We are, in fact, surprised that given the notoriety of Defendants' organization *of which we can take judicial notice* ..." p. 5 Memorandum Order dated August 23, 1982 (sic), filed August 26, 1992 (emphasis added).[2]

2. This Court has not granted any hearings on any motion and has denied the most recent request for a pre-trial conference in accordance with Federal Rules of Criminal Procedure, Rule 17.1.

3. The Court in support of the anonymous jury stated, "We have also carried out an independent day-to-day analysis of the mentioned risks ... We have also considered the U.S. Marshals Services independent assessment and opinion." Memorandum Order dated August 24, 1992 and filed August 26, 1992.[3]

A one-paragraph memorandum of law with no citations to First Circuit case law authority has been appended to the motion. Defendant Michael Gardner has filed an affidavit of merit in support of the petition. The affidavit is based on the following premises:

1. The motion was apparently drafted by Michael C. Bourbeau, Esq., counsel for Michael Gardner. Signature spaces are provided for each of the sixteen attorneys representing the defendants, but only counsel for defendants Gardner, John Pasciuti, John Janiak, John Courtois, David Skelton, Wesley Carter, Paul Olivera, Ronald Aylward, and Charles Pasciuti subscribed the same.

2. The reader is referred to the complete text and context of such order. *See Memorandum Order* denying disqualification of Assistant U.S. Attorney Vicinanzo, Docket Document No. 836.

3. The reader is referred to the complete text and context of such order. *See Memorandum Order* denying defendant's motion for reconsideration, Docket Document No. 837.

I have reviewed this motion at length with my attorney MICHAEL C. BOURBEAU including reading of the Court's recent orders in response to our motion to continue and objection to the anonymous jury. The judge's statement concerning the sensational nature of membership in the Hells Angels and notoriety of the organization makes me believe that he is biased and prejudiced against me and that he will not allow me to have a fair trial.

Also, the judge has conducted his own independent investigation in this matter and denied the most reasonable request for a pre-trial conference all of which makes me believe that he is acting more like a prosecutor "rushing to justice" than a fair and impartial judge.

The court DENIES the motion to disqualify the trial judge. First, the motion has been untimely filed. Second, there is no support in First Circuit case law for the request made. Third, the affidavit in support does not reach the level of sufficiency and only confirms that the motion is based on facts learned by the judge while acting in his judicial capacity. This cannot serve as a basis for disqualification on account of personal bias.

The motion has been untimely filed on a Friday, two days before commencement of trial on Monday, September 14, 1992. Since the same is in part predicated upon the contents of two orders filed on August 26, 1992, Docket Document Nos. 836 and 837, such orders cannot serve as the basis for the disqualification of trial judge for personal bias or prejudice.

Section 144, 28 U.S.Code, specifically requires that a request for disqualification of a judge be timely filed, "[n]ot less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Sixteen days elapsed from the entry of the order in question and the only ground in support of good cause for a late filing is unacceptable:

Although this motion is being filed within days of the stated trial date, movants have been reasonably diligent in filing this motion because the basis of the motion is supported by the most recent rulings of the court which themselves give rise to an inference of bias and prejudice. *Motion for Disqualification of Trial Judge,* Docket Document No. 962, at 1.

The motion to disqualify seems to have as its only purpose the obtention of a collateral continuance of the trial to be achieved by counsel's expectation that the motion, and a hearing before another judge, will take some time. *See* 28 U.S.C. sec. 144. However, we find that referral to another judge is not required here. When an affidavit of personal bias or prejudice is filed pursuant to section 144, a trial judge is not required immediately to recuse himself. Although the trial judge may not pass on the truth of the matters asserted, the trial judge must pass upon the legal sufficiency of the affidavit. "Since sections 144 and 455[ (b)(1) ] of 28 U.S.C. use similar language, and are intended to govern the same area of conduct, they have been construed *in pari materia,* and the test of the legal sufficiency of a motion for disqualification is the same under both statutes." *United States v. Kelley,* 712 F.2d 884, 889 (1st Cir.1983) (citations omitted).

The First Circuit has clearly established that under sections 144 and 455(b)(1) the judge may be disqualified for personal bias or prejudice concerning a party. *Kelley,* 712 F.2d at 889. "To require disqualification, the alleged bias or prejudice must be both '(1) personal, i.e., directed against a party, and (2) extrajudicial.' Facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias." *Kelley,* 712 F.2d at 889 (citations omitted).

The knowledge which defendants contend requires this judge's disqualification has been indisputably obtained by this judge during the performance of his judicial duties in this specific case. Therefore, it cannot serve as the basis for disqualification on the ground of personal bias. *See also United States v. Chantal,* 902 F.2d 1018, 1020 n. 3, 1023 (1st Cir.1990); *Panzardi–Alvarez v. United States,* 879 F.2d

975, 983–86 (1st Cir.1989); *In re Grand Jury Proceedings,* 875 F.2d 927, 932 (1st Cir.1989); *United States v. Giorgi,* 840 F.2d 1022, 1034–35 (1st Cir.1988); *In re Cooper,* 821 F.2d 833, 838, 844 (1st Cir. 1987); and *United States v. Kelley,* 712 F.2d 884, 887–90 (1st Cir.1983).

All the facts pointed out by counsel and by Mr. Gardner's affidavit emanate from this judge's legal research, pretrial publicity research, and his opinion writing. These cannot serve as the basis for a 28 U.S.C. secs. 144 and 455(b)(1) motion. Otherwise, any judge who consistently is seen by a party as favoring one side over another by his or her rulings could be easily disqualified. The appeal process is the vehicle utilized to deal with such actions on the part of a trial court by assignment of error.

The fact that the court has not granted hearings on pretrial motions cannot serve as the basis for a judge's disqualification. The reasons behind our denial of hearings are documented in the record. *See* orders denying motions to suppress by John and Charles Pasciuti, Docket Document Nos. 631 and 709. Any error the court may have committed could have been addressed by interlocutory appeals of final orders or by an appeal at the conclusion of the proceeding. Counsel's record is adequately protected in this respect. In addition, the fact that the court has not held a formal Fed.R.Crim.P. 17.1 pretrial conference cannot serve as the basis for a motion to disqualify the judge. Rule 17.1 is not mandatory in its terms. This judge rarely, if ever, holds Rule 17.1 pretrial conferences. Here, we held status conferences in Concord, New Hampshire, on June 17 and 18, 1992. In addition, telephone conferences with counsel for various defendants were later held. We have advised counsel that the court was available to discuss particular problems via telephone conference any time requested. *See,* for example, Orders, Docket Document Nos. 955 and 876.[4]

Lastly, we state that there is nothing wrong in the trial judge assessing risks of trial on a day-to-day basis or to consider

the U.S. Marshals Service's independent assessment or opinion. This is nothing else but information developed by the judge as case manager from court-related agencies. There is no rule that forbids a judge from so doing. As a matter of fact, reference manuals prepared to guide judges in dealing with notorious cases so recommend. *See A Manual for Managing Notorious Cases,* National Center for State Courts, Ch. 4, *Planning for Security in a Notorious Case* (1992).

The parties are advised that our only interest is to afford the defendants a fair trial. However, the means and procedural applications to be used or followed are the court's responsibility. Counsel may disagree, make a record, and preserve his or her objection, but there should be no doubt that the final word on practice and procedure is a prerogative of the court and not of counsel or the government.

Motion DENIED.

IT IS SO ORDERED.

---

**4.** Today we have ordered the court reporter to transcribe the June 17 and 18, 1992 conferences.

These transcripts will shed light on the matters discussed with counsel at that time.