## UNITED STATES of America

v.

## Gerard RAVEN, Defendant.

## No. CR. A. 94–10355–NMG.

United States District Court, D. Massachusetts.

Nov. 15, 2000.

---

Barry P. Wilson, Boston, MA, Michael C. Boudreau, Boston, MA, for Gerard Raven.

William F. Sinnot, Geoffrey E. Hobart, John A. Wortmann, Jr., U.S. Attorney's Office, Boston, MA, for U.S.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before the Court is the motion of defendant Gerard Raven ("Raven") requesting recusal of the presiding judge from the instant action under 28 U.S.C. § 455 (Docket No. 217). Raven claims that the presiding judge "is and/or has been prejudiced against the defendant" and that the actions of this Court "have not been in the best interests of justice."

## I. Background

On December 28, 1994, a Federal Grand Jury sitting in Boston, Massachusetts, returned an indictment naming Raven and others as defendants in the instant action. On February 15, 1995, that indictment was replaced by a superseding indictment ("the Indictment") charging Raven and others with 1) Conspiracy to Import Heroin in violation of 21 U.S.C. § 963 (Count 1s), 2) Attempt to Import Heroin in violation of 21 U.S.C. § 963 (Count 2s), and 3) Distribution of Heroin for the Purposes of Unlawful Importation in violation of 21 U.S.C. § 959 (Count 3s).

On November 26, 1994, Raven was arrested by German police executing a Belgian arrest warrant. He was extradited to Belgium, and then, after further protracted extradition proceedings, brought to the United States on January 24, 1997.

After an initial appearance and a detention hearing, Raven was detained in federal custody where he has remained to this date. During protracted pretrial discovery, the defendant moved to change counsel and was allowed to do so. A psychiatric examination ordered by the Court at the defendant's request was conducted by a court-appointed psychiatrist. Trial was scheduled several times but postponed at the request of counsel then involved in protracted plea negotiations.

On June 23, 2000, Raven entered into a plea agreement with the United States ("the Plea Agreement") pursuant to Fed. R.Crim.P. 11(e)(1)(C) which provided, *inter alia,* that Raven would plead guilty to Counts 1s and 2s of the Indictment and agree to a sentence of 87 months incarceration. This Court reserved its acceptance of the plea until after receipt of the presentence report.

At the sentencing hearing on September 22, 2000, the presiding judge rejected the Plea Agreement, finding that the 87–month sentence recommended therein was insufficient. The presiding judge then indicated that he agreed with the government's proposed computation of Raven's offense level and the resulting sentencing guideline range of 87 to 108 months, but advised the parties that he intended to impose a sentence at the high end rather than the low end of that range. The presiding judge then afforded Raven the opportunity to withdraw his guilty plea pursuant to Fed.R.Crim.P. 11(e)(4). Raven withdrew his guilty plea, the sentencing hearing was suspended and the case was set down to proceed to trial.

On September 28, 2000, the parties filed a "Joint Motion for Reinstatement of the Defendant's Guilty Plea Pursuant to Rule 11(e)(1)(C) and Imposition of this Court's September 22, 2000 108 Month Sentence". From that joint motion it was apparent that Raven had decided to accept the longer sentence because it was "in the best interests of the public and the defendant not to have a trial in this specific instance and for the defendant to accept the additional period of incarceration."

This Court then convened a second sentencing hearing on October 27, 2000. At that hearing, the parties sought to reinstate the Plea Agreement. However, the term of incarceration in the Plea Agreement had not been amended from 87 months to 108 months. The presiding judge advised the parties that he would not participate in plea negotiations nor accept the Plea Agreement in its then current form, whereupon counsel conferred and the Plea Agreement was amended to provide for a period of incarceration of 108 months. The new agreement ("the Amended Plea Agreement") was initialed by both counsel and the defendant in open court. Raven then orally confirmed that he wished to reinstate his guilty plea. The Court accepted the Amended Plea Agreement and proceeded to make findings pursuant to standard sentencing hearing procedure.

At the conclusion of the proceedings, but before sentence was imposed, the presiding judge offered the defendant an opportunity to address the Court and, through his interpreter, the defendant read a statement into the record. A copy of that statement is attached to this Memorandum and Order marked "A".[1] After consideration of the defendant's statement, the presiding judge concluded that the defendant was, in effect, denying 1) that he committed the crime for which he was about to be sentenced, 2) that he was subject to any punishment by this Court, and 3) that the Court had any jurisdiction over his case. The Court construed the defendant's statement as an abrogation of his plea, rejected the Amended Plea Agreement and once again suspended the sentencing hearing. The defendant's motion for recusal was filed on November 1, 2000.

## II.  Motion for Recusal of Trial Judge

The motion for recusal alleges in general terms that the presiding judge is and/or has been prejudiced against Raven and has not acted in the "best interests of justice" on the basis of certain actions allegedly taken by the presiding judge during the course of these proceedings.

Motions for disqualification of a judge are governed by two sections of Title 28 of the United States Code. Section 144 of that Title provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no fur-

---

1.  The statement and many additional papers were submitted to the Court at the hearing but only the one-page statement is attached to this Memorandum and Order.

ther therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists....It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides, in pertinent part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...

Raven's motion for recusal refers only to § 455 in general, but his allegation that the presiding judge "has been prejudiced against the defendant" constitutes an argument under § 455(a) and (b)(1). Raven clearly proceeds under § 144 as well because he has submitted an affidavit in support of his motion for recusal and a certificate of good faith.

■ Because sections 144 and 455 are intended to govern the same area of conduct, they should be read together and the same test applies for a motion for disqualification under both. *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir.1983). "The decision to grant or deny a motion for disqualification is committed largely to the discretion of the trial court." *United States v. Giorgi*, 840 F.2d 1022, 1034 (1st Cir.1988). The trial judge whose recusal is sought must himself pass upon the legal sufficiency of the affidavit submitted pursuant to § 144. *Kelley*, 712 F.2d at 889.

■ Reading sections 144 and 455(a) and (b)(1) together, a judge may be disqualified if 1) his partiality may reasonably be questioned, or 2) he has a personal bias or prejudice concerning a party. *Id.* The proper test for partiality of a judge is

whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality...in the mind of the reasonable man.

*United States v. Cowden*, 545 F.2d 257, 265 (1st Cir.1976). "[T]here must be a factual basis for the claim that there appears to be a lack of impartiality." *United States v. Voccola*, 99 F.3d 37, 42 (1st Cir.1996). To establish prejudice or bias, the movant must show that the prejudice or bias is personal (i.e. directed against a particular party) and extrajudicial (i.e. not based upon facts acquired by a judge while acting in his judicial capacity). *Kelley*, 712 F.2d at 889.

■ Nowhere in his motion or affidavit does Raven (or his attorney on his behalf) allege facts sufficient to establish impartiality or prejudice on the part of the presiding judge. The underlying premise of Raven's motion is that the presiding judge should have accepted the Amended Plea Agreement. However, a trial judge retains discretion to reject a plea agreement entered into pursuant to Fed. R.Crim.P. 11(e)(1)(C). *United States v. Papaleo*, 853 F.2d 16, 18 (1st Cir.1988). The mere allegation that a plea agreement is "in the best interests of justice" is insufficient to establish the bias or partiality of a judge who rejects it in the exercise of his discretion. This Court concludes that the affidavit filed on Raven's behalf in support of the motion to recuse is insufficient.

■ Defendant's allegation that the presiding judge demonstrated bias by failing to afford the defendant an opportunity to confer with his counsel at the first sentencing hearing about the withdrawal of his plea is also insufficient. Fed.R.Crim.P. 11(e)(4) does not require a trial judge, upon rejection of a plea agreement, to afford a defendant a specific opportunity to confer with counsel before accepting the defendant's withdrawal of a guilty plea. Furthermore, there is no allegation that the defendant or his counsel even requested such an opportunity.

Finally, Raven makes no claim that the presiding judge acquired any facts outside of his judicial capacity that might have resulted in any bias or prejudice toward Raven.

In summary, Raven has alleged in his motion (and his counsel has stated in his affidavit) no more than discontent and disagreement with the Court's rejection of the Plea Agreement and the Amended Plea Agreement. Such allegations and statements are insufficient to warrant recusal of the presiding judge.

## ORDER

For the reasons set forth in the Memorandum above the motion of the defendant for recusal (Docket No. 217) is DENIED. So ordered.

To UNITED STATES DISTRICT COURT     "A"
DISTRICT of MASSACHUSETTS     Criminal
The HONOURABLE JUDGE     Action No
Nathaniel M. GORTON.     94-10355-NM.
October 10 - 2000.

"YOUR HONOR, for the record, I accept for Value these proceedings in their entirety and I am exempt from Levy. I am the creditor on this case and I have the superior title and claim. Every action that I have taken in this matter has been put for for establishing for the court my standing in Law as the creditor. No claims have been made to the contrary. From the beginning of this case I have accepted all offers for value. There has never been a controversy before this court to be ruled upon. this is a private matter and, for the record, I do not consent for your sentencing me for prison, fine, probation, or anything else. I do not consent and will not consent for punishment of any kind. I put forth this statement and the attached Affidavit of "Specific negative averment" and "Bill of peace" into the record and request that the ORDER of the court be released to me immediately.!

Gerard Jan Raven

cc:
International court of Justice.
Consulate general of the Netherlands
Center for Human Rights
Amnesty International.
U.S. A.G. Janet Reno.
U.S. A. Donald k Stern.
U.S. A william sinnott.
U.S. A John wortmann.
A. Barry wilson.
A. J.P. Geertse ma.
Nicole RAVEN.

Filed 10-27-00