**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5167

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EUGENE C. VENABLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:06-cr-00155-RLW)

Submitted: May 30, 2007          Decided: July 11, 2007

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Venable was convicted after a bench trial of possession of a sawed-off shotgun, 26 U.S.C. § 5861(d) (2000), and possession of a firearm by a person previously convicted of a felony offense, 18 U.S.C. § 922(g)(1) (2000), and sentenced to forty-one months imprisonment. He appeals, arguing that the district court erred by denying his motion to withdraw his waiver of a jury trial and that the district court abused its discretion by denying his motion for a new trial based on the fact that, prior to Venable's trial, the judge was informed of a threat Venable allegedly made against the judge. We affirm.

Five days before his trial on these charges, Venable signed a "Waiver of Trial by Jury" form, stating that he had been fully advised of the charges against him, the possible sentence, and his right to a jury trial. Venable acknowledged that he "knowingly, freely, and voluntarily waive[d] trial by jury."

During a hearing held the day before his scheduled trial, Venable, by his attorney, acknowledged that Venable had executed a jury trial waiver, but stated that he would like to withdraw the waiver and proceed with a jury. The court denied this motion, noting that the trial was scheduled for the following day.

The district court judge found Venable guilty on both charges. Venable then moved for a new trial, asserting that he discovered that, prior to his trial, the district court judge was

informed that Venable had threatened to "take out" the judge if he did not get a "sweet deal." Venable argued that knowledge of this threat required the judge to recuse himself and also compounded the judge's error in denying Venable's motion to withdraw his jury trial waiver. The district court denied the motion for a new trial, stating that there was no verification that the statement was actually made by Venable, the threat was vague, and it amounted to mere puffing by an inmate to impress another inmate. Judge Williams noted that the letter did not mention him by name, that he did not deem the letter to be credible, and that it had no effect on his consideration of the evidence.

Venable first contends that the district court erred in denying his motion to withdraw his waiver of his right to a jury trial. Federal Rule of Criminal Procedure 23(a) provides that a jury trial must be held whenever the defendant is entitled to a jury, unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves. Fed. R. Crim. P. 23(a). Any waiver of this right must be knowing, voluntary, and intelligent. Adams v. United States, 317 U.S. 269, 277-78 (1942).

We review de novo the validity of a jury trial waiver. United States v. Khan, 461 F.3d 477, 491 (4th Cir. 2006), cert. denied, 75 U.S.L.W. 3440 (U.S. May 21, 2007) (No. 06-1116). While we previously stated that the "better practice" would be for a

district judge to question a defendant about his desire to waive his jury trial right, United States v. Hunt, 413 F.2d 983, 984 (4th Cir. 1969), we have not required such a colloquy.

On the waiver form, Venable acknowledged that the waiver was knowingly, freely, and voluntarily made and that he was aware of the charges against him and the possible punishment. Venable did not provide any reason for the request to withdraw the waiver and he made no claim that the waiver was invalid. Although the waiver form is not signed by the government or the court, it is clear that the government consented to the waiver, as no objection was made, and it is also clear that court approved the waiver by entering it on the docket and by upholding the waiver against Venable's request to withdraw it.

Venable also asserts that the district court erred in denying his request to withdraw the waiver or not revisiting the issue once the judge learned of the alleged threat by Venable. Whether a defendant will be permitted to withdraw a waiver is based on whether the waiver was knowing and voluntary. The denial of such a request is reviewed for an abuse of discretion. United States v. Kelley, 712 F.2d 884, 888 (1st Cir. 1983); Wyatt v. United States, 591 F.2d 260, 265 (4th Cir. 1979). "[S]pecial knowledge of the trial judge that might conceivably have influenced the waiver decision" if known to the defendant, need not be disclosed. Wyatt, 591 F.2d at 264; see Kelley, 712 F.2d at 888.

- 4 -

Venable understood the rights he was giving up when he entered the jury trial waiver. He offered no reason for his request to withdraw the waiver and he did not challenge the validity of the waiver. Additionally, the motion to withdraw the waiver was made the day before Venable's trial was about to begin. Moreover, the district court was not required to inform Venable about the alleged threat. Based on all these factors, the district court did not abuse its discretion by denying Venable's motion to withdraw his waiver. See Wyatt, 591 F.2d at 265.

Next, Venable argues that the district court abused its discretion in denying his motion for a new trial. The trial court may grant a new trial, "if the interest of justice so requires." Fed. R. Crim. P. 33; United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). We review the district court's denial of a motion for a new trial for an abuse of discretion. United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001); United States v. Arrington, 757 F.2d 1484, 1486 (4th Cir. 1985).

A judge shall recuse himself from any proceeding in which "his impartiality might reasonably be questioned." 28 U.S.C. § 455 (2000). A judge must disqualify himself when he has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "While a defendant's threat against a judge may in some cases raise a sufficient question concerning bias on the part of that judge, recusal is not automatic on the mere basis of the judge's knowledge

of the threat." United States v. Gamboa, 439 F.3d 796, 817 (8th Cir.) (citing United States v. Yu-Leung, 51 F.3d 1116, 1119-20 (2d Cir. 1995)), cert. denied, 127 S. Ct. 605 (2006). In this case, recusal was not warranted. As Judge Williams noted in denying the motion for a new trial, there was no verification in this case that Venable actually made the threat. Also, the judge named in the threat was not Judge Williams. Moreover, Judge Williams specifically determined that the threat in this case was vague, not credible, and amounted to mere puffing. The district court judge did not take the threat seriously, and it did not affect his disposition of Venable's case. Because there were no grounds in this case to reasonably question the trial judge's impartiality, recusal was not necessary in light of the alleged threat.

Additionally, the record does not contain any indication that Judge Williams reacted in any negative way to the threat allegedly made by Venable. The evidence presented at trial was clearly sufficient to convict Venable of the two charges against him. Thus, Venable's guilty verdict cannot reasonably be said to have been influenced by the threat. Additionally, after pronouncing the verdict, Judge Williams inquired about the adequacy of the medical care Venable was receiving. Also, the district court sentenced Venable to forty-one months imprisonment, the low end of the applicable forty-one to fifty-three month guideline range. There is nothing in the record to suggest that Judge

Williams took any adverse action against Venable due to the alleged threat. Because there is no reasonable question as to Judge Williams' impartiality in this case, recusal was not necessary and the district court did not abuse its discretion by denying the motion for a new trial. <u>Stokes</u>, 261 F.3d at 502; <u>Arrington</u>, 757 F.2d at 1486.

Accordingly, we affirm the district court's orders denying Venable's motions to withdraw his jury trial waiver and for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>