**FIDEICOMISO DE LA TIERRA DEL CAÑO MARTIN PEÑA, Plaintiff,**

v.

**Luis G. FORTUÑO, et al., Defendants.**

**Civil No. 09–1581 (FAB).**

United States District Court,
D. Puerto Rico.

July 6, 2009.

Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, Pedro J. Saade–Llorens, Pedro J. Saade Llorens Law Office, San Juan, PR, for Plaintiff.

Angel E. Rotger–Sabat, Maymi, Rivera & Rotger, P.S.C., Eric R. Ronda–Del–Toro, Francisco J. Amundaray–Rodriguez, Juan B. Soto–Balbas, Mercado & Soto, Carlos E. Cardona–Fernandez, San Juan, PR, Claudio Aliff–Ortiz, Eliezer Alberto Aldarondo–Lopez, Eliezer Aldarondo–Ortiz, Michael C. McCall, Aldarondo & Lopez Bras, Guaynabo, PR, for Defendants.

### AMENDED MEMORANDUM & ORDER

BESOSA, District Judge.

A motion for recusal and for reconsideration of certain Court orders filed by plaintiff Fideicomiso de la Tierra del Caño Martin Peña ("Fideicomiso") is pending before the Court. (Docket No. 13) The only two named defendants who have made an appearance thus far, the Municipality of San Juan and Mayor Jorge Santini (collectively the "municipal defendants"), have opposed plaintiff's motion. (Docket No. 17)

For the reasons discussed below, the Court **DENIES** the plaintiff's motion for recusal and **DENIES** the requests for reconsideration of the Court orders. (Docket No. 10)

## DISCUSSION

### 28 U.S.C. § 455(a)

On Saturday, June 27, 2009, the Clerk's Office assigned this case to the undersigned judge. The following Monday, June 29, 2009, the undersigned denied the plaintiff's motion for a temporary restraining order ("TRO") and, among other things, requested that the parties brief the Court as to whether the undersigned should recuse himself, citing to 28 U.S.C. § 455(a) and (e), and as to other matters. To provide context for the briefing request, the undersigned explained that his wife is a tenured professor at the University of Puerto Rico School of Law, though on unpaid leave as a Superior Court Judge. (Docket No. 10, p. 2) The undersigned raised this issue because the plaintiff is represented by attorneys who appear for the Law School's "Clinica de Asistencia Legal" (Docket No. 1, p. 18; No. 6, p. 18), and where two of plaintiff's attorneys teach. (Docket No. 13, p. 14) Plaintiff responded to this Order by, among other things, requesting that the undersigned recuse himself.

■■■■ Section 455(a) directs "[a]ny justice, judge, or magistrate judge of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Dual, sometimes competing, policies underlie section 455(a). *In re United States,* 666 F.2d 690, 694 (1st Cir.1981). First, "courts must not only be, but must seem to be, free of bias or prejudice." *Id.* Second, the section is intended to prevent litigants from obtaining "recusal on demand" that would provide them with "a veto against unwanted judges." *In re Boston's Children First,* 244 F.3d 164, 167 (1st Cir.2001). In the final balance, compulsory recusal requires "more than subjective fears, unsupported accusations or unfounded surmise." *In re United States,*

158 F.3d 26, 30 (1st Cir.1998). Furthermore, "[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States,* 441 F.3d 44, 67 (1st Cir.2006) (citations omitted).

■■■■ Disqualification under section 455(a) occurs only where a charge of bias is supported by a factual basis and those facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First,* 244 F.3d at 167 (quoting *In re United States,* 666 F.2d 690, 695). "While doubts ordinarily ought to be resolved in favor of recusal, the challenged judge enjoys a margin of discretion[.]" *In re United States,* 158 F.3d at 30 (citations omitted). This discretion exists because "in many cases reasonable deciders may disagree[.]" *In re United States,* 666 F.2d at 695. Each case implicating section 455(a) is *sui generis,* requiring a fact-specific analysis done on a case-by-case basis. *In re Boston's Children First,* 244 F.3d at 171; *In re United States,* 158 F.3d at 31. Ultimately, the question for an appellate court is "not whether it would have decided as did the trial court, but whether that decision cannot be defended as a rational conclusion supported by [a] reasonable reading of the record." *In re United States,* 666 F.2d at 695.

■■■ In requesting that the undersigned recuse himself, plaintiff did not address the issue of impartiality because of the undersigned's wife's ties to the U.P.R. Law School, did not reference 28 U.S.C. § 455(a) or (e), and did not cite to any case law relevant to recusal. Instead, the portion of plaintiff's brief addressing recusal focuses upon the plaintiff's dissatisfaction with the Court's denial of plaintiff's request for a TRO and with the dates chosen

by the Court for the parties to brief legal issues materially relevant to plaintiff's claims. Unfortunately for plaintiff, dissatisfaction with a Court's rulings and case management is not grounds for recusal. *See Liteky v. U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," while discussing the applicability of the extrajudicial source doctrine to section 455(a)); *In re U.S.*, 441 F.3d 44, 65 (1st Cir.2006) ("courts will reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party"); *U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir.1988) ("the mere fact of an adverse ruling ... does not—standing alone—create an inference of lack of partiality") (citing *U.S. v. Kelley*, 712 F.2d 884, 890 (1st Cir.1983)); *see also, e.g., S.E.C. v. Loving Spirit Foundation, Inc.*, 392 F.3d 486, 494 (D.C.Cir.2004) ("we have found no case where this or any other federal court recused a judge based only on his or her rulings"); *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir.1988) ("adverse rulings are not in themselves grounds for recusal"); *Stone v. Baum*, 409 F.Supp.2d 1164, 1175 n. 5 (D.Ariz.2005) ("*A judges' prior ruling in a case is absolutely not a basis for recusal.*") (italics in original). Accordingly, the Court finds that an objective and knowledgeable member of the public would not find the Court's denial of the TRO and imposition of a briefing schedule to be a reasonable basis for doubting the undersigned's impartiality.

### 28 U.S.C. § 455(e)

Section 455(e) controls the circumstances under which a judge may accept a waiver of a ground for disqualification. 28 U.S.C. § 455(e). It provides that where the ground for waiver is premised only upon subsection 455(a), "waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." *Id.* Cognizant of this subsection, the undersigned notified the parties that his wife is a tenured faculty member of the University of Puerto Rico Law School upon seeing that two of the plaintiff's attorneys are also affiliated with the Law School. The municipal defendants have noted that, if anything, the disclosure of the shared affiliation between the undersigned's wife, the U.P.R. Law School and two of plaintiffs' attorneys provide the defendants with a basis for questioning the undersigned's impartiality towards them, not towards the plaintiff. (Docket No. 17, p. 3) Nonetheless, they do not question the undersigned's impartiality; to the contrary, they indicate that "the presiding judge is wholly capable of sustaining his oath." (Docket No. 17, p. 3, n. 1)

### CONCLUSION

For the reasons expressed above, the Court **DENIES** plaintiff's motion for recusal pursuant to 28 U.S.C. § 455(a). Additionally, the Court **DENIES** plaintiff's motion for reconsideration of the Court's order denying the TRO, Fed.R.Civ.P. 52(a)(3), **DENIES** plaintiff's request for a hearing on or before July 3, 2009, and **DENIES** plaintiff's request that the Court vacate its briefing schedule.

**IT IS SO ORDERED.**